IN THE CIRCUIT COURT OF LEAKE COUNTY, MISSISSIPPI

JIMMIE R. CAMPBELL                      PLAINTIFF

VS.                                        CAUSE NO. 21-CV-188-LE-CM

WAL-MART STORES EAST, LP;
AND JOHN AND JANE DOES 1-4                  DEFENDANTS

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW the Plaintiff Jimmie Campbell (hereinafter "Plaintiff" or "Campbell") by and through Counsel, and files this action against the Defendants, Wal-Mart Stores East LP (hereinafter "Defendant" or "Wal-Mart"), and John and Jane Does 1 – 4, collectively "Defendants". In support thereof, Plaintiff would show unto this Honorable Court the following to wit:

**PARTIES**

1. Plaintiff Jimmie R. Campbell is an adult resident citizen of Leake County, Mississippi.

2. The Defendant, Wal-Mart Stores East, LP is a foreign corporation qualified to do business in the State of Mississippi and may be served with process of this Court through its registered agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Wal-Mart Stores East, LP is doing business as Walmart, store #305, 905 Highway 16 W, Carthage, MS 39051.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of the John and Jane Doe Defendants 1-4 are currently unknown to Plaintiff Campbell who therefore brings suit against these Defendants by such fictitious names. Upon information and belief, each of the fictitiously named Defendants were negligent or otherwise legally responsible

FILED SEP 14 2021 KEN ADCOCK

**EXHIBIT A**

in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged were caused by that negligent or wrongful conduct. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of the John and Jane Doe 1-4 Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to Mississippi Code Annotated §9-7-81; and personal jurisdiction over the parties because, among other things, the tortious acts and omissions of Defendants were committed against Plaintiff in whole or in part in Leake County, Mississippi, and this suit results from injuries arising out of and/or relating to those tortious acts and omissions.

5. Venue is proper in Leake County pursuant to Mississippi Code Annotated §11-11-3 and Mississippi Rules of Civil Procedure 82 because, among other things, the tortious acts and omissions of Defendants giving rise to this action occurred and/or were committed in Leake County, Mississippi.

## FACTS

6. Plaintiff Campbell adopts and herein incorporates by reference each and every allegation as set forth above.

7. At all times mentioned in this Complaint, the Defendants, Wal-Mart Stores East, LP and John and Jane Doe Defendants 1-4, and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, managed, controlled, supervised, permitted and/or were employed at Wal-Mart, store #305, 905 Highway 16 W, Carthage, MS 39051. At all times mentioned herein, Plaintiff was lawfully on the premises and was unable to foresee or prevent the impending injury.

8. At all times mentioned herein, Wal-Mart invited the general public, including

2

Plaintiff Campbell, to enter the premises of Wal-Mart, store #305, 905 Highway 16 W, Carthage, MS 39051 for reasons mutually advantageous to Wal-Mart and Plaintiff.

9. On or about September 20, 2018 Plaintiff was an invitee of Wal-Mart, store #305, 905 Highway 16 W, Carthage, MS 39051.

10. As an invitee, Wal-Mart owed Plaintiff a duty to keep the premises in a reasonably safe condition and, when and where not reasonably safe, to warn of hidden dangers.

11. At the above-mentioned time and place, Plaintiff was walking inside the premises of Wal-Mart near the registers/check-out lanes located at the front of the store. While approaching a register/check-out lane, Plaintiff slipped and fell on the floor which was wet and slippery due to an unknown/foreign substance. Wal-Mart negligently failed to maintain the register/check-out lane floor area and failed to take reasonable measures to prevent foreseeable safety hazards. Plaintiff was not aware of the above-referenced dangerous condition.

12. The Defendant was on notice of the dangers; more specifically knew or should have known of the existence of this condition which was not reasonably safe and failed to either remedy the condition, warn thereof, or properly inspect the area which is subject to spills, foreign substances, or other dangerous conditions, on a reasonable and timely basis. The wet floor area, which constituted a dangerous condition, was not open and obvious to Plaintiff. Moreover, Wal-Mart failed to warn Plaintiff of this dangerous condition, with no warning signs being present in the area warning Plaintiff, or other visitors, of this dangerous condition, in turn proximately causing Plaintiff to sustain injuries.

13. Wal-Mart's failure to exercise reasonable care and take reasonable safety precautions or measures to prevent foreseeable harm and danger, including the harm suffered by Plaintiff, constituted a breach of the duty owed to Plaintiff.

14. As a direct and proximate result of the dangerous condition caused by Wal-Mart's

3

negligence, Plaintiff has sustained significant personal injury.

## FIRST CAUSE OF ACTION
### (Negligence/Failure to Maintain Safe and Adequate Premises)

15. All of the averments contained in paragraphs 1-14 are incorporated herein by reference as if fully set forth below.

16. Wal-Mart owed Plaintiff the duty of ordinary and reasonable care to keep the premises in a reasonably safe condition and when not reasonably safe, to warn of dangerous conditions not readily apparent, which Wal-Mart knew or should have known of in the exercise of reasonable care.

17. Further, Wal-Mart owed a duty to the public, including Plaintiff, to exercise reasonable care to provide a safe environment, to conduct regular and necessary upkeep of the floors in the common area, to provide safe ingress and egress to the floors in the common area, and/or to properly and timely inspect and clean up dangerous and hazardous conditions on the floors in the common area of the premises. Wal-Mart was careless and negligent in the maintenance, inspection, and cleaning of the floors in the common area.

18. Wal-Mart was negligent in that it did not properly warn Plaintiff of the dangerous conditions then present upon the premises and did not properly inspect and maintain the area causing injury to Plaintiff. Wal-Mart knew, or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the unsafe conditions on the premises.

19. Plaintiff was without notice that said area was dangerous. Plaintiff used due care for his own safety as an invitee and patron of Wal-Mart's premises, and in no manner contributed to the accident.

20. Wal-Mart's acts and/or omissions constituted a departure from ordinary standards, amounted to negligence and said negligence was the proximate cause of Plaintiff's injuries, in the

4

following nonexclusive particulars:

(a.) Failure to use reasonable care in the inspection of the premises;

(b.) Failure to use reasonable care to make the premises safe;

(c.) Failure to warn of non-obvious hazards and inherent dangers to Plaintiff and others visiting the store owned by Wal-Mart;

(d.) Failure to use reasonable care in the maintenance of the premises;

(e.) Any and all negligence that may be shown at a trial on the merits.

21. But for the negligence of Wal-Mart in failing to properly maintain its premises, or warn of the dangers present, Plaintiff would not have been injured. Wal-Mart breached the above duties causing Plaintiff to suffer severe harm.

## SECOND CAUSE OF ACTION
### (Negligent Hiring/Retention/Supervision/Training)

22. The Plaintiff adopts by reference paragraphs 1-21 above.

23. The Defendant was further negligent in the hiring, retention, supervision, and/or training of its employees. Specifically, the Defendant failed to provide adequate training, supervision, and/or oversight to eliminate hidden dangers to the public and to the Plaintiff. The direct and proximate causes of Plaintiff's injuries were as a result of said Defendant's negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff would have been avoided.

## DAMAGES

24. Plaintiff demands recovery of and from Wal-Mart for economic and non-economic damages to include:

(a.) Physical injuries;

(b.) Emotional and mental anguish and suffering;

5

- (c.) Loss of enjoyment of life;
- (d.) Economic losses, wages, loss of wage-earning capacity, and benefits;
- (e.) Past, present, and future medical and related expenses;
- (f.) Permanent impairment and loss of mobility;
- (g.) Permanent disability;
- (h.) Past, present, and future pain and suffering;
- (h.) Any and all other such damages recoverable under Mississippi law as may be proven at trial.

25. The negligence and above alleged acts and/or omissions of Wal-Mart were the proximate and/or contributing cause of Plaintiff's injuries and his damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Jimmie R. Campbell requests this Honorable Court award all damages available and as proven at trial, in an amount to be determined by a jury, reasonably believed to be in excess of this Court's jurisdictional minimum, exclusive of costs.

Respectfully submitted this the 13th day of September, 2021.

JIMMIE R. CAMPBELL, PLAINTIFF

BY: SHIELDS GOODSON, PLLC

WILLIAM G. SHIELDS (MSB# 104637)
Attorney for Plaintiff

Of Counsel:
Shields Goodson, PLLC
555 Tombigbee Street, Suite 100
Jackson, Mississippi 39201
Telephone No. (601) 427-9196

6